1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ELIJAH LEE MILLER,                            No.  2:21-cv-1122 DB P

12                   Plaintiff,

13          v.                                       ORDER

14    MULE CREEK STATE PRISON, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18    1983.  Before the court are plaintiff's motion to proceed in forma pauperis (ECF No. 2) and

19    plaintiff's complaint for screening (ECF No. 1).  Additionally, plaintiff has filed what appear to

20    be two motions for extension of time.  (ECF Nos. 7, 8.)

21          For the reasons set forth below, this court grants plaintiff's motion to proceed in forma

22    pauperis and finds plaintiff fails to state any cognizable claims for relief.  Plaintiff will be given

23    an opportunity to file an amended complaint.  Plaintiff's motions for extension of time will be

24    denied as moot.

25    ////

26    ////

27    ////

28    ////

                                                    1

1

**IN FORMA PAUPERIS**

2          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

3   1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

4   granted.

5          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

6   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

7   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

8   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

9   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

10  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

11  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

12  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

13  1915(b)(2).

14

**MOTIONS FOR EXTENSION OF TIME**

15         Plaintiff has filed what appear to be two separate motions for extension of time.  (ECF

16  Nos. 7, 8.)  Both motions request that he be given until "after new years day" of 2022 to proceed

17  with this case.[1]  (ECF No. 7 at 1; ECF No. 8 at 2.)  At the time of filing both motions, the court

18  had not given any orders to the plaintiff.  Further, plaintiff was not under any deadlines set by the

19  court, the Local Rules, or the Federal Rules of Civil Procedure as plaintiff's complaint had not yet

20  been screened by the court.  Additionally, the period of extension requested by the plaintiff has

21  already passed as plaintiff's requested extension was until January 1, 2022.

22         Given the above, plaintiff's motions for extension of time (ECF Nos. 7, 8) will be denied

23  as moot.

24  ////

25

_____

26  [1] The motion filed August 2, 2022 also has attached to it a lengthy discussion of what may be
    addition claims made by the plaintiff.  (See ECF No. 7 at 2-6.)  However, the substance of
27  plaintiff's motion appears to be a request for a "time waiver" until 2022.  (Id. at 1.)  To the extent
    plaintiff intends to bring additional claims he must do so in an amended complaint or a separate
28  action.

2

1          **SCREENING**

2    **I. Legal Standards for Civil Rights Complaints**

3          The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

5    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

6    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

8    U.S.C. § 1915A(b)(1) & (2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

15   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

16   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

17   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

18   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

19         However, in order to survive dismissal for failure to state a claim a complaint must

20   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

21   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

22   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

23   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

24   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

25   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   ////

27   ////

28   ////

3

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.  Analysis**

    **A.  Allegations of the Complaint**

In the complaint, plaintiff identifies Mule Creek State Prison ("MCSP") and the California Department of Corrections and Rehabilitation ("CDCR") as defendants.  (ECF No. 1 at 1-2.) Plaintiff checks numerous boxes indicating claims of "general negligence" and "intentional tort" but the body of plaintiff's complaint does not identify what violations of plaintiff's constitutional rights plaintiff seeks to claim.  (See Id. at 4-11.)

The bulk of the body of plaintiff's complaint is difficult to read, owing to varying text size, portions of the complaint being written along the edges of the complaint, and the dense single spacing used.  (See Id.)  What can be discerned is that plaintiff's claims concern plaintiff's placement in administrative segregation housing on the basis that he is an "Enhanced Out Patient" ("EOP") inmate.  (Id. at 9.)  However, the exact factual allegations surrounding this claim are unclear.  Additionally, plaintiff appears to also make claims regarding the destruction of property (Id. at 5) and inmate trust accounts (Id. at 11).

For relief, plaintiff seeks compensatory and punitive damages of $95,000 from defendants.  (Id. at 3.)

4

**B.  Does Plaintiff State Cognizable Claims?**

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983.  Plaintiff will be given an opportunity to amend his complaint.  Plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).

- CDCR is not a proper defendant as suit against CDCR under § 1983 is barred under the Eleventh Amendment and CDCR is not a person for purposes of § 1983. 42 U.S.C. § 1983; see Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).

5

- Plaintiff may allege multiple claims against a single defendant.  Fed. R. Civ. P. 18(a).  However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant.  Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).   Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.

- An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust his administrative remedies before filing suit.  42 U.S.C. § 1997e(a).

The court is unable to determine just what constitutional claims plaintiff is attempting to assert.  Plaintiff is advised that his personal property claims may not be cognizable under § 1983. Claims regarding deprivation of plaintiff's personal property are state law claims that are not cognizable in § 1983 because plaintiff has an adequate post-deprivation remedy under state law. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

While the court is unable to determine just what constitutional claims plaintiff is attempting to assert, it appears plaintiff may be alleging all or some of the following.  Below is a brief description of the legal standards for these claims:

- If plaintiff seeks to state a claim for retaliation under the First Amendment, he must state facts showing the following five basic elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

////

6

1    legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir.

2    2005) (footnote and citations omitted).

3    •   If plaintiff is attempting to state a claim that a public program or service violated

4        the ADA, he must show: (1) he is a "qualified individual with a disability;" (2) he

5        was either excluded from participation in or denied the benefits of a public entity's

6        services, programs, or activities, or was otherwise discriminated against by the

7        public entity; and (3) such exclusion, denial of benefits, or discrimination was by

8        reason of his disability.  <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th

9        Cir. 2004).

10   •   Allegations of a conspiracy do not, in themselves, state "a constitutional tort under

11       § 1983."  A conspiracy "does not enlarge the nature of the claims asserted by the

12       plaintiff, as there must always be an underlying constitutional violation." <u>Lacey v.</u>

13       <u>Maricopa Cnty.</u>, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

14   •   To the extent plaintiff is attempting to allege a claim that false reports were filed

15       against him, he is advised that the falsification of a disciplinary report does not

16       state a stand-alone constitutional claim.  <u>See</u> <u>Luster v. Amezcua</u>, No. 1:16-cv-

17       0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).

18       Finally, plaintiff is advised that by signing an amended complaint, he certifies he has

19   made reasonable inquiry and has evidentiary support for his allegations, and for violation of this

20   rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

21   Civ. P. 11.

22                                **AMENDING THE COMPLAINT**

23       As stated above, the complaint fails to clearly state any cognizable claims.  However,

24   plaintiff will be given the opportunity to amend his complaint.  If plaintiff files an amended

25   complaint, he must address the problems with his complaint that are explained above.  Any

26   amended complaint must be complete in itself.  The court cannot refer to a prior complaint to

27   understand the plaintiff's claims.

28   ////

                                            7

1    In an amended complaint plaintiff must clearly identify each defendant and the action that

2    defendant took that violated plaintiff's constitutional rights.  The court is not required to review

3    exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

4    plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

5    allegations must be set forth in the amended complaint, so defendants have fair notice of the

6    claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

7    of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

8    Civ. P. 8(a).

9    Any amended complaint must show the federal court has jurisdiction, the action is brought

10    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

11    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

12    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

13    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

14    deprivation of a constitutional right if he does an act, participates in another's act, or omits to

15    perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

16    conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

17    Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

18    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

19    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

20    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

21    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

22    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

23    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

24    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

25    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

26    set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

27    ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

28    litigation on the merits of a claim."); Fed. R. Civ. P. 8.

1     An amended complaint must be complete in itself, without reference to any prior pleading.

2 E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

3 By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

4 evidentiary support for his allegations, and for violation of this rule, the court may impose

5 sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

6 ////

7 ////

8 ////

9 ////

10 ////

11 ////

12 ////

13 ////

14 ////

15 ////

16 ////

17 ////

18 ////

19 ////

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for extension of time (ECF No. 7) is denied as moot.

4. Plaintiff's motion for extension of time (ECF No. 8) is denied as moot.

5. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: February 8, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/mill1122.scrn lta